IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREEN TREE SERVICING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-107-JPG-DGW |
| | ) |
| HARMON V. COOK, JR., et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Sanctions pursuant to Rule 11 filed by Defendants Harmon Cook and Pamela Cook on April 2, 2014 (Doc. 11). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Sanctions be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

#### INTRODUCTION

Defendants removed this foreclosure action brought by Plaintiff, Green Tree Servicing, LLC ("Green Tree"), from state court on January 31, 2014. Subsequently, Defendants filed this Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2), asserting that Plaintiff's Complaint is deficient in various respects. Specifically, Defendants argue that this suit is frivolous because Plaintiff has not established its standing or, as an alternative, Plaintiff filed its Complaint for an improper purpose, without evidentiary support or the likelihood of evidentiary

support for its factual contentions, in an attempt to coerce the Defendants to forfeit the claims they have brought against Green Tree in a separate suit pending in this Court that alleges violations of the Fair Debt Collection Act and Illinois Consumer Fraud Act. Plaintiff did not respond to Defendant's Motion for Sanctions, however, Plaintiff did respond to Defendant's Motion to Dismiss (Doc. 14) that was filed pursuant to Rule 12(b)(6), and incorporated the grounds for dismissal set forth in their Motion for Sanctions.

### FINDINGS OF FACT

Plaintiff, Green Tree, brings this foreclosure action against Defendants Harmon Cook, Jr. and Pamela Cook, pursuant to 735 ILCS 5/15-1101, alleging that it is the legal holder of a mortgage executed by Defendants on January 12, 2004 (Doc. 2-2, Complaint, p. 1). The mortgage at issue named GMAC Mortgage Corporation ("GMAC") as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee, and Harmon Cook, Jr. and Pamela Cook, as the borrower (Doc. 2-2, Exhibit A, pp. 6-7). The mortgage was assigned by MERS to GMAC on June 12, 2008 (Doc. 2-2, Exhibit C, p. 29). A note was executed on the mortgage, which has been indorsed in blank by GMAC through J. Vollmer, Limited Signing Officer of GMAC ("the Note") (Doc. 2-2, Exhibit B, p. 27). Plaintiff attached a copy of the Mortgage, as well as the Note, to the Complaint. Also attached to the Complaint is the "Assignment of Mortgage," which states that GMAC "does convey, grant, assign, transfer and set over the described Mortgage … to GREEN TREE SERVICING LLC" (Doc 2-2, Ex. C, p. 29). The Assignment was signed by "GMAC MORTGAGE, LLC, by GREEN TREE SERVICING LLC, its Attorney-in-Fact" through Danielle Burns, an employee of Green Tree (*Id.*).

According to Defendants, Plaintiff's Complaint fails to establish that it has an interest in

the Defendants' mortgage executed with GMAC. Specifically, Defendants point to paragraph 3, section (D) of the Complaint, stating that the name of the mortgagee is "Mortgage Electronic Registration Systems, Inc." Further, Defendants provide that the Assignment is invalid as Green Tree's purported power of attorney does not create a property right and does not provide the attorney-in-fact standing to sue. Moreover, Defendants assert that as GMAC's purported power of attorney, Plaintiff owed GMAC a duty of loyalty which it breached by engaging in self-dealing. Defendants also argue that Plaintiff's Complaint is deficient by failing to allege how it can proceed in this action when GMAC is involved in a pending bankruptcy.

As mentioned above, although Plaintiff has not filed a response to Defendant's Motion for Sanctions, it filed a response to Defendant's Motion to Dismiss, which incorporates the arguments asserted in Defendant's Motion for Sanctions. In its response, Plaintiff asserts that it has proper standing to bring this suit as it is the holder of the note it seeks to enforce (Doc. 19). Plaintiff further avers that GMAC's bankruptcy is irrelevant and Defendants' reliance on the timing of the bankruptcy and transfer of the Note and Mortgage is misplaced.

### CONCLUSIONS OF LAW

Rule 11 of the Federal Rules of Civil Procedure requires an attorney or party to certify that any pleading presented to the court is not presented for in improper purpose, that the claims therein have a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support. FED. R. CIV. P. 11(b). "Under Rule 11, the district court may impose sanctions if a lawsuit is 'not well grounded in fact and is not warranted by existing law or a good faith argument for extension, modification, or reversal of existing law.'" *CUNA Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quoting *Nat'l*

*Wrecking Co. v. Int'l Bd. Of Teamstres, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993)). "The court must 'undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless.'" *Id.* Rule 11 does not require bad faith on the part of a party or its counsel; rather it is an objective test. *Dreis & Krump Mfg. Co.*, 802 F.2d at 255. "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(4). "Though 'particularly severe,' the sanction of dismissal is within the court's discretion." *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (quoting *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008)) (other quotations omitted).

The crux of Defendants' argument is that Plaintiff has not properly alleged its standing in this matter, and, as such, Plaintiff's Complaint is frivolous and subject to sanctions, including dismissal, under Rule 11. The basis for Defendant's arguments is (1) the Complaint filed by Plaintiff named the mortgagee as "MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GMAC MORTGAGE CORPORATION" and, (2) the purported Assignment of the mortgage from GMAC to Green Tree is not valid and does not convey any interest in the mortgage to Green Tree.

The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit. *Glisson v. City of Marion*, 720 N.E. 2d 1034, 1039 (Ill. 1999). Standing requires some injury in fact to a legally cognizable interest. *Id.* The Foreclosure Law governs the mode of procedure for mortgage foreclosures in Illinois and defines those who have standing to bring such actions. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 940 N.E.2d 118, 122 (Ill. App. 2010). Pursuant to Section 15-1504(a)(3)(N) of the Illinois

Foreclosure Law, a foreclosure action may be pursued by "the legal holder of the indebtedness, a pledgee, an agent, or a trustee." 735 ILCS 5/15-1504(a)(3)(N). The "holder" of a negotiable instrument, as defined by the Illinois Uniform Commercial Code, is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." 810 ILCS 5/1-201(b)(21). When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone. 810 ILCS 5/3-205(b). Furthermore, in a foreclosure action, the mere fact that a copy of a note is attached to the complaint is itself *prima facie* evidence that the plaintiff owns the note. *Parkway Bank and Trust Co. v. Korzen*, 2 N.E.3d 1052, 1066 (Ill. App. 2013).

In this instance, although Plaintiff did not allege that it was the mortgagee of the note, the Complaint, when read in its entirety, clearly demonstrates that Plaintiff has standing to bring this suit. Paragraph 3(N) of the Complaint states that Plaintiff brings this foreclosure action as "the legal holder of the note, mortgage and indebtedness." Pursuant to the Illinois Uniform Commercial Code, it is clear that Plaintiff was the holder of the note at the time it filed this lawsuit. Specifically, the Note at issue was indorsed, in blank, by J. Vollmer, Limited Signing Officer for GMAC Corporation. Further, Plaintiff clearly had possession of the Note, as a copy was attached to the Complaint at the time it was filed. Pursuant to Illinois law, this alone is *prima facie* evidence that Plaintiff owns the Note. Defendants' argument that Plaintiff's purported power of attorney does not establish standing to sue has no bearing on whether, pursuant to the Illinois Foreclosure Law, Plaintiff properly brought this foreclosure action, as Plaintiff has complied with the requirements of the Foreclosure Law, bringing suit as the holder of the mortgage.

Similarly, Defendants' argument that GMAC's pending bankruptcy somehow prevents

Plaintiff from proceeding in this action is without merit. Although Defendants are correct in their assertion that a bankruptcy petition stays all matters involving the petitioner, in this case, GMAC is not a party to this action. Moreover, it appears that any interest GMAC had in the Note was assigned to Plaintiff. As averred by Plaintiffs, Defendants have no standing to challenge the sufficiency of the negotiation and assignment of the Note and Mortgage, as they were not a party to the transfer. In any event, it appears that GMAC is no longer the holder of the Note signed by Defendants. Rather, as indicated above, Plaintiff, Green Tree Servicing, is the holder of the note, and was at the time the Complaint was filed. Accordingly, it is not apparent that this action is either frivolous or brought for an improper purpose.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Sanctions pursuant to Rule 11 (Doc. 11) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 23, 2014**

                                             **DONALD G. WILKERSON**
                                             **United States Magistrate Judge**