IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREEN TREE SERVICING, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-cv-00107-JPG-DGW |
| HARMON V. COOK, JR. et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendants', Harmon V. Cook Jr. and Pamela Cook, Motion to Dismiss (Doc. 14) and Motion for Injunction Against Proceedings Outside this Court and For an Award of Attorney's Fees and Expenses under 28 U.S.C. § 1927 (Doc. 28). Plaintiff filed a Response (Doc. 19) to the Motion to Dismiss and a Response (Doc. 34) to the Motion for Injunction.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*, at 556, 127 S.Ct. 1955.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a

right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

Further, "The Foreclosure Law governs the mode of procedure for mortgage foreclosures in Illinois." *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill.App.3d 1, 4 (1st Dist. 2010). "A foreclosure complaint is deemed sufficient if it contains the statements and requests called for by the form set forth in section 15-1504(a) of the Foreclosure Law (735 ILCS 5/15-1504(a)(West 2008))." *Id*, at 5.

Paragraph 3(N) of the Plaintiff's Complaint states that the Plaintiff brings this foreclosure action as, "the legal holder of the note, mortgage and indebtedness." Plaintiff also attached a copy of the Mortgage, as well as the Note and Assignment of Mortgage, to the Complaint. As such, Plaintiff's Complaint complies with 735 ILCS 5/13-1504 and is deemed sufficient.

With regard to Defendants' Motion for Injunction Against Proceedings Outside this Court and For an Award of Attorney's Fees and Expenses under 28 U.S.C. § 1927 (Doc. 28), the Court agrees that 28 U.S.C. § 1927 provides that the Court may award excessive costs when:

"[A]n attorney has acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice"; or

"[P]ursued a claim that is 'without a plausible legal or factual basis and lacking in justification'"; or

"[P]ursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *The Jolly Group, LTD. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

However, the Court does not believe that Plaintiff's Counsel's conduct in failing to correct his calendar entries raises the level of a 28 U.S.C. § 1927 award of excessive costs. The Court notes that Defendant's Motion state that, "There was no choice other than to make the journey to the Circuit

Court of Madison County on June 5th, 2014 to appear for the 1:00 pm hearing." The Court believes that there was another choice – that of contacting the plaintiff's counsel in order to have him withdraw the motions. Since Defense counsel had enough time to draft and file a Motion to Stay and for Attorney's Fees, it would seem that a more cost effective and professional approach for both parties would have been a telephone call. If contact had been made with plaintiff's counsel – or at least an attempt at contact – and plaintiff's counsel had refused to withdraw the motions, then the Court would have considered an award of fees.

Based on the foregoing, Defendants', Harmon V. Cook Jr. and Pamela Cook, Motion to Dismiss (Doc. 14) is **DENIED** and Defendants' Motion for Injunction Against Proceedings Outside this Court and For an Award of Attorney's Fees and Expenses under 28 U.S.C. § 1927 (Doc. 28) is **DENIED.**

However, the Court **WARNS** Plaintiff's Counsel that any additional filings within the Circuit Court of Madison County may result in injunctive relief and/or an award of attorneys' fees by this Court.

**IT IS SO ORDERED.**

**DATED:** 1/12/2015

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**