IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREEN TREE SERVICING, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 14-cv-00107-JPG-DGW |
| | ) |
| HARMON V. COOK, JR. et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

## MEMORDANDUM AND ORDER

This matter comes before the court on Plaintiff Green Tree Servicing, LLC's Motion to Sever (Doc. 48). Defendants filed a timely response (Doc. 49) and object to the Motion to Sever.

Federal Rule of Civil Procedure 21 provides that, "The Court may also sever any claim against a party." It is within the district court's broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F. 3d 1008, 1016(7th Cir. 2000).

This is a foreclosure action in which the Defendants assert, as an affirmative defense, that the Plaintiff repeatedly failed to provide the Defendants with a notice of right of assignment and that the Defendants were prejudiced by the lack of notice of assignment and are entitled to a set-off. (Doc. 46). The counter-claims mirror the Complaint filed in the matter of *Cook v. Green Tree Servicing*, LLC, 13-cv-1189-JPG-DGW, also pending before this court in that the claims allege that the Plaintiff violated the Fair Debt Collection Act and the Illinois Consumer Fraud Act.

Plaintiff Green tree Servicing, LLC is requesting that the Court sever the Defendants' counter-claims as duplicate claims to those pending in matter 13-cv-1189-JPG-DGW stating that it is a waste of judicial resources. Plaintiff further argues that it will be prejudiced by the failure to sever as it will have to expend resources to defend against identical claims in two separate actions.

Defendants object to the severance of the counter-claims arguing that severance of the counter-claims will not alleviate "the Fourth Affirmative Defense to the Foreclosure Complaint." (Doc. 49, pg 2). However, a review of the Defendants' Answer to Complaint for Foreclosure, Affirmative Defenses, and Counterclaim (Doc. 46) indicates a First Defense and Second Defense under Affirmative Defenses (Doc. 46, pg 9) and the Court could not locate, "the Fourth Affirmative Defense to the Foreclosure Complaint." As such, the Court will construe the Defendants' "Fourth Affirmative Defense" to be a combination of Defendants' First and Second Defense of a lack of standing and failure to provide notice of the assignment.

The Defendants' response also states that, "Green Tree opposes severance because it states the Cooks will use this foreclosure action to do additional discovery." (Doc. 49, pg 2). However, the Court notes that it is the Plaintiff Green Tree's Motion to Sever and there is no indication that Green Tree opposes its own motion. As such, this argument is moot.

Finally, Defendants argue that *Cook v. Green Tree Servicing*, LLC, 13-cv-1189-JPG-DGW should be consolidated with this matter or that this matter should be stayed pending the outcome of *Cook v. Green Tree Servicing*, LLC, 13-cv-1189-JPG-DGW as ". . . the results in the trial of Case No. 13-1189 will control the affirmative defenses and counterclaim filed in this foreclosure case with one notable exception. A separate trial on the Cooks' Fair Debt Collection Act and Illinois Consumer Fraud Act claims in Case No. 13-1189 will present the issues clearly for decision."

"We have held previously that a district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are "discrete and separate." *Rice,* 209 F.3d at 1016. In other words, one claim must be capable of resolution despite the outcome of the other claim." *Gaffney v. Riverboat Services of Indiana*, 451 F.3d 424, 442 (7th Cir. 2006).

In this matter, there already exist two separate proceedings. If the Court were to sever the Defendants' counter-claim, a third proceeding would be created. That would require the parties

to expend additional resources in yet another action and would be a waste of judicial resources for this Court. Further, it appears that the Plaintiff's Complaint and the Defendants' counter-claims center on the mortgage for the property in question. As such, there does not appear to be discrete and separate claims as one claim will affect the other along with the claims pending in *Cook v. Green Tree Servicing*, LLC, 13-cv-1189-JPG-DGW.

Based on the above, Plaintiff Green Tree Servicing, LLC's Motion to Sever (Doc. 48) is **DENIED**. Final pre-trial conference is set for June 10th, 2015 with trial to start on June 22nd, 2015. Parties are reminded that a proposed final pretrial order is to be submitted at least three (3) days prior to the final pre-trial conference pursuant to Local Rule 16.2.

**IT IS SO ORDERED.**

**DATED:** 5/26/2015

s/*J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**